Marc A. Lieberstein (MAL 7116)
Rebecca L. Griffith (RLG 7884)
**DAY PITNEY LLP**
7 Times Square
New York, New York 10036
Phone: (212) 297-5800
Fax: (212) 916-2940

Attorneys for Plaintiff
FMC International, Ltd.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FMC INTERNATIONAL, LTD., | : Civil Action No.: 07 CV 6994 (WHP) |
| | : ECF CASE |
| Plaintiff, | : |
| | : **COMPLAINT FOR DECLARATORY** |
| - against- | : **JUDGMENT AND CANCELLATION** |
| | : |
| TKMI, INC., | : |
| | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |
| | : |

      Plaintiff FMC International, Ltd. ("Plaintiff" or "FMC"), pursuant to Rule 57 of the Federal Rules of Civil Procedure, by counsel, hereby brings this Complaint against TKMI, Inc. ("Defendant" or "TKMI") for a declaratory judgment, pursuant to 28 U.S.C. § 2201 and 2202, that its use of its trademark is not infringing or diluting those of Defendant. Plaintiff further seeks cancellation of the registered trademark owned by Defendant, No. 3,170,442, pursuant to 15 U.S.C. § 1119, and civil damages as a consequence pursuant to 15 U.S.C. § 1120.

## THE PARTIES

1. Plaintiff FMC International Ltd. is a Delaware corporation with its principal place of business at 8 Slater Road, Port Chester, New York 10573.

2. Upon information and belief, Defendant TKMI, Inc. is incorporated under the laws of the State of Florida with its principal place of business at 4110 Lansing Avenue, Cooper City, Florida 33027.

## JURISDICTION AND VENUE

3. Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051 et. seq. and under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

4. Jurisdiction in this Court is proper under 28 U.S.C. § 1331, 1332, 2201, and 2202.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

6. On May 11, 2001, Defendant's assignor, Earthly Essentials Inc., filed an application to register GENIE in International Class 3 for "non-medicated wrinkle reducers applied to the skin of face and eye area," relying upon use in interstate commerce since August 25, 1997. A copy of the specimen submitted with the application is attached hereto as Exhibit A. This application was assigned Serial No. 76/254,907. It matured to registration in due course on December 25, 2001, under Registration No. 2,522,559. A copy of this registration is attached hereto as Exhibit B. Registration No. 2,522,559 was subsequently assigned from Earthly Essentials, Inc. to Defendant, and such assignment was recorded with the U.S. Patent and Trademark Office.

7. On April 4, 2005, Defendant filed an application to register GENIE in International Class 3 for "cosmetics, namely, blush, concealer, non-medicated facial creams and facial peels; face powder, foundation liquid, foundation cream and foundation powder, make-up, mascara, eye shadow, lipstick and lip gloss," relying upon use in interstate commerce since August 17, 1997. A copy of the specimen submitted with the application is attached hereto as Exhibit C. This application was assigned Serial No. 76/635,056. It matured to registration in due course on November 14, 2006, under Registration No. 3,170,422. A copy of this registration is attached hereto as Exhibit D.

8. On July 6, 2006, Plaintiff filed an application to register GENISPHERE in International Class 3 for "cosmetic preparations for body care; cosmetic preparations for skin renewal," relying upon use in interstate commerce since April 1, 2006. A copy of the specimen submitted with the application is attached hereto as Exhibit E. This application was assigned Serial No. 78/923,738 and it proceeded to publication without any citations by the Trademark Examiner. This application was opposed by Defendant on March 13, 2007, and remains pending at the Trademark Trial and Appeal Board under Opposition Number 91176321.

9. On March 13, 2007, Defendant filed a Notice of Opposition against Plaintiff's application to register its mark GENISPHERE, Serial No. 78/923,738. Defendant alleged, inter alia, that there was a likelihood of confusion between Plaintiff's GENISPHERE mark and Defendant's GENIE marks, as well as dilution of Defendant's GENIE marks.

10. On April 26, 2007, Plaintiff filed an Answer to the Notice of Opposition denying the allegations in the Notice of Opposition and asserting affirmative defenses and counterclaims. In particular, Plaintiff denied that there is a likelihood of confusion between Plaintiff's GENISPHERE mark and Defendant's GENIE marks, and denied that Defendant's

GENIE marks are famous such that registration of GENISPHERE would dilute its marks. Plaintiff counterclaimed on the ground that Defendant committed fraud on the U.S. Patent and Trademark Office in prosecuting its Application Serial No. 76/635,056 (now Registration No. 3,170,422).

11.   On May 29, 2007, Defendant filed an Answer to Plaintiff's Counterclaims in the opposition proceeding.

12.   In addition to the fact that Defendant's GENIE marks are not famous, the scope of Defendant's rights to its GENIE marks is extremely narrow due to the co-existence of numerous third parties which have used or are using the term "Genie", or terms substantially similar, in U.S. commerce, including many marks which are more similar to Defendant's GENIE marks than GENISPHERE is to Defendant's marks. Such marks include, but are not limited to U.S. Registration Nos. 3,182,342 (GENEBEAUTY for wrinkle resistant skin creams and other skin care products), 2,689,677 (N GENE for anti-aging creams and cosmetics), 2,467,375 (WHITE GENIE for hair care products), 1,849,788 (NAIL GENIE for manicuring and pedicuring systems), 2,691,217 (GENIE for wigs); U.S. Application Serial Nos. 77/189,446 (TAN GENIE for self tanning lotion and moisturizers), 77/180,814 (NUGENE for anti-aging serums, cosmetics, face and body lotions and moisturizers), 78/708,223 (FIBROGENE for non-medicated skin care preparations); and common law trademarks NEEM GENIE (skin treatment); GREEN GENIE (eye shadow); GENIE EYESHADOWS and GENIE SPARKLE BOTTLES (cosmetics); GENIE IN A BOTTLE (tanning accelerator); and EYE CREAM OF JEANNIE (eye cream).

## COUNT I
## DECLARATORY JUDGMENT

13. Plaintiff repeats the allegations set forth in paragraphs 1 through 12 set forth above.

14. This cause of action is for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 to have the court declare:

(a) that Plaintiff's GENISPHERE trademark is not likely to cause confusion, and therefore does not infringement Defendant's rights in the GENIE marks; and

(b) Plaintiff's GENISPHERE trademark is not diluting in any manner Defendant's GENIE marks.

15. Plaintiff owns common-law rights in, as well as federal trademark rights by virtue of its pending federal trademark registration for the trademark GENISPHERE.

16. Defendant has alleged that Plaintiff's use and registration of its mark constitutes a violation of Defendant's rights.

17. Plaintiff has not in the past nor is it currently infringing any valid rights of Defendant's in Defendant's trademark registration Nos. 2,522,559 and 3,170,422.

18. A bona fide, actual, present, practical need for declaration as to the parties' rights exists. The declaration deals with a present ascertained or ascertainable state of facts or present controversy as to a state of facts.

19. The rights of the parties are dependent upon the facts and application of the law thereto.

20. The parties have or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter in fact or law.

21. All antagonistic and adverse interests are before the court for proper adjudication and not merely to seek the advice of the court.

22. Plaintiff is being damaged by the continued uncertainty created by Defendant with respect to the legitimate use of Plaintiff's trademark. Accordingly, Plaintiff seeks a declaratory judgment from the court that use of its mark as above recited does not infringe Defendant's marks or otherwise dilute or violate any of Defendant's trademark rights.

## COUNT II
## CANCELLATION OF TRADEMARK REGISTRATION NO. 3,170,422

23. Plaintiff repeats the allegations set forth in paragraphs 1 through 22 set forth above.

24. In connection with Defendant's application to register GENIE Serial No. 76/635,056, Tami Krakower (President & CEO of TKMI) submitted a Declaration on behalf of Defendant, alleging present use of the mark GENIE in commerce by Defendant, i.e., on March 22, 2005, and alleging that the mark was first used in connection with the goods listed in the application in interstate commerce since at least as early as August 17, 1997. Defendant knew or should have known that this statement was false.

25. Application Serial No. 76/635,056 states that the "Applicant has adopted and is using the trademark shown in the accompanying drawing in United States Commerce for cosmetics, namely, blush, concealer, non-medicated wrinkle reducers applied to the skin of the face and eye areas; nonmedicated facial creams and facial peels; face powder, foundation liquid, foundation cream and foundation powder, make-up mascara, eye shadow, lipstick, and lip gloss in Int'l Class 3."

26. On information and belief, Defendant had not used the mark GENIE in interstate commerce for blush, concealer, non-medicated facial peels, face powder, foundation

liquid, foundation cream, foundation powder, make-up, mascara, eye shadow, lipstick and lip gloss as of August 17, 1997 or as of March 22, 2005.

27. Under 15 U.S.C. § 1051, use of a trademark in interstate commerce is a pre-requisite to registration. Therefore, a false statement that the mark was in use in commerce for the goods applied for on the filing date of the application is a falsehood material to the issuance of the registration and, therefore, fraudulent.

28. Plaintiff is being damaged by Defendant's assertion of trademark rights derived from this registration against Plaintiff in that it is having to defend itself and establish its rights to use its mark.

WHEREFORE, Plaintiff prays for the following relief:

(A) An order declaring that Plaintiff's use of its trademark does not infringe Defendant's marks, dilute Defendant's marks or violate any related rights of Defendant;

(B) An order canceling Registration No. 3,170,422, in its entirety as having been fraudulently procured;

(C) An award of damages to Plaintiff as a consequence of Defendant's acts of false declarations and/or fraud in obtaining and maintaining trademark registrations in an amount not less than $300,000 or such other sum as this Court shall decide;

(D) A permanent injunction enjoining TKMI, its officers, agents, distributors and employees from interfering in any manner with Plaintiff's marketing and sale of its GENISPHERE products in the United States;

(E) An award to Plaintiff of its attorneys fees and costs incurred in connection with this action; and

(F) Such other further relief to which Plaintiff may be entitled.

Dated: August 6, 2007  
New York, New York

Respectfully submitted,

By: *[signature]*  
Rebecca L. Griffith (RLG 7884)  
Marc A. Lieberstein (MAL 7116)

**DAY PITNEY LLP**  
7 Times Square  
New York, New York 10036  
Phone: (212) 297-5800  
Fax: (212) 916-2940

Attorneys for Plaintiff,  
FMC International, Ltd.

# EXHIBIT A

05-11-2001
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #11



ALOE VERA GEL · COLLAGEN

Genie

INSTANT UNDER-EYE SMOOTHER
1 FL. OZ./29.57 ML

HYPO-ALLERGENIC     FRAGRANCE FREE

76254907

Instant Under-Eye Smoother₀ is uniquely formulated to instantly smooth away the appearance of under-eye wrinkles, bags and puffiness. Skin looks younger and firmer within minutes and lasts for hours.

INGREDIENTS:
Deionized Water, Aloe Vera Gel and Hydrolyzed Collagen, Sodium Silicate, Propylene Glycol, Magnesium Aluminum Silicate, Cellulose Gum, Methyl Paraben, Propyl Paraben, Tocopherol (Vitamin E), Hydrolyzed Silk Proteins

Manufactured exclusively for earthly essentials inc., Cooper City, FL 33026



7 54118 99101 8

A95524-000000

**EXHIBIT B**

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,522,559
Registered Dec. 25, 2001

## TRADEMARK
PRINCIPAL REGISTER

### GENIE

EARTHLY ESSENTIALS INC. (FLORIDA CORPORATION)
4110 LANSING AVENUE
COOPER CITY, FL 33026

FOR: NON-MEDICATED WRINKLE REDUCERS APPLIED TO THE SKIN OF FACE AND EYE AREA, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 8-17-1997; IN COMMERCE 8-25-1997.

SER. NO. 76-254,907, FILED 5-11-2001.

SHAVELL MCPHERSON, EXAMINING ATTORNEY

**EXHIBIT C**



A52554 000000



**EXHIBIT D**

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,170,422
Registered Nov. 14, 2006

## TRADEMARK
PRINCIPAL REGISTER

# GENIE

TKMI, INC. (FLORIDA CORPORATION)
4110 LANSING AVENUE
COOPER CITY, FL 33026

FOR: COSMETICS, NAMELY, BLUSH, CONCEALER, NON-MEDICATED FACIAL CREAMS AND FACIAL PEELS; FACE POWDER, FOUNDATION LIQUID, FOUNDATION CREAM AND FOUNDATION POWDER, MAKE-UP, MASCARA, EYE SHADOW, LIPSTICK, AND LIP GLOSS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 8-17-1997; IN COMMERCE 8-17-1997.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,522,559.

SER. NO. 76-635,056, FILED 4-4-2005.

NICHOLAS ALTREE, EXAMINING ATTORNEY

**EXHIBIT E**

