Marc A. Lieberstein (MAL 7116)
Rebecca L. Griffith (RLG 7884)
**DAY PITNEY LLP**
7 Times Square
New York, New York 10036
Phone: (212) 297-5800
Fax: (212) 916-2940

Attorneys for Plaintiff
FMC International, Ltd.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FMC INTERNATIONAL, LTD., | : | HON. WILLIAM H. PAULEY III, U.S.D.J. |
| | | Civil Action No. 07-cv-6994 (WHP) |
| Plaintiff, | : | |
| | | **PROPOSED JOINT DISCOVERY PLAN** |
| - against- | : | |
| | : | |
| TKMI, INC., | | |
| | : | |
| Defendant. | | |
| | : | |

      In accordance with Federal Rule of Civil Procedure 26(f), the undersigned hereby submit this proposed Discovery Plan.

**1.**    Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| For the Plaintiff: | For the Defendant: |
|---|---|
| Marc A. Lieberstein, Esq. | David A. Gast, Esq. |
| Rebecca L. Griffith, Esq. | MALLOY & MALLOY, P.A. |
| DAY PITNEY LLP | 2800 S.W. Third Ave. |
| 7 Times Square | Miami, Florida 33129 |
| New York, NY 10036 | Phone: (305) 858-8000 |
| Phone: (212) 297-5800 | Fax: (305) 858-0008 |
| Fax: (212) 916-2940 | |

**2.**  Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

On July 6, 2006, Plaintiff FMC International, Ltd. ("Plaintiff") filed an application to register GENISPHERE for "cosmetic preparations for body care; cosmetic preparations for skin renewal," relying upon use in interstate commerce since April 1, 2006. This application proceeded to publication without any citations by the Trademark Examiner.

Defendant TKMI, Inc. ("Defendant") is the owner of the two GENIE marks, one for "non-medicated wrinkle reducers applied to the skin of face and eye area" and the other for "cosmetics, namely, blush, concealer, non-medicated facial creams and facial peels; face powder, foundation liquid, foundation cream and foundation powder, make-up, mascara, eye shadow, lipstick and lip gloss." On March 13, 2007, Defendant TKMI, Inc. ("Defendant") filed a Notice of Opposition against Plaintiff's GENISPHERE application claiming, inter alia, that there was a likelihood of confusion between Plaintiff's GENISPHERE mark and Defendant's GENIE marks, as well as dilution of Defendant's GENIE marks.

On April 27, 2007 Plaintiff filed an Answer to the Notice of Opposition. Plaintiff alleges that there is no likelihood of confusion between Plaintiff's GENISPHERE mark and Defendant's GENIE marks and denies that Defendant's GENIE marks are famous such that registration of GENISPHERE would dilute its marks. Further, Plaintiff alleges that Defendant committed fraud on the U.S. Patent and Trademark Office in prosecuting its GENIE application Serial No. 76/635,056 (now Registration No. 3,170,422).

Plaintiff also alleges that Defendant's GENIE marks are not famous and that the scope of Defendant's rights to its GENIE marks is extremely narrow due to the co-existence of numerous third parties which have used or are using the term "Genie", or terms substantially

similar, in U.S. commerce, including many marks which are more similar to Defendant's GENIE marks than GENISPHERE is to Defendant's marks.

Plaintiff seeks a declaratory judgment that its GENISPHERE trademark is not likely to cause confusion, and therefore does not infringe Defendant's rights in the GENIE marks and that Plaintiff's GENISPHERE trademark is not diluting in any manner Defendant's GENIE marks.

Defendant has not yet been served with the Complaint in this action and the deadline to serve the Complaint is not until December 4, 2007. Therefore, Defendant has not yet replied to Plaintiff's allegations. The reason for the delay in serving the Complaint is that Plaintiff and Defendant are engaged in serious settlement negotiations and are diligently trying to reach an amicable resolution of this matter.

3. Has this action been:   Settled: No    Discontinued: No

4. Have settlement discussions taken place? Yes  X   No __

5. The parties have not exchanged the information required by *Fed. R. Civ. P.* 26(a)(1).

6. Explain any problems in connection with completing the disclosures required by *Fed. R. Civ. P.* 26(a)(1).

    The parties do not anticipate any problems.

7. The parties have not conducted any discovery.

8. The parties have not yet met pursuant to *Fed. R. Civ. P.* 26(f) because the Complaint has not yet been served.

9. The following is Plaintiff's proposed Discovery Plan.

    (a)   Discovery is needed on the following subjects:

        By Plaintiff:  (1) Defendant's use in commerce of its GENIE marks in connection with each product covered by its registrations, including first use in commerce, locations where the products are currently sold and manner of marketing; (2) Defendant's goods and services sold under its GENIE marks, including the class of purchasers, the quality of the products, and any confusion between Defendant's products and products sold under Plaintiff's GENISPHERE mark; (3) the existence of third-party marks identical or substantially similar to Defendant's GENIE marks; and (4) all of the *Polaroid* likelihood of confusion factors.

        By Defendant:  **[DEFENDANT TO INSERT]**

(b)     Discovery <u>should not</u> be conducted in phases or limited to particular issues.

(c)     Maximum of <u>25</u> Interrogatories (including subparts) by each party to each party.

(d)     Maximum of <u>10</u> depositions to be taken by each party.

(e)     Plaintiff's expert report due on:  <u>March 31, 2008</u> (Plaintiff anticipates a potential survey expert on likelihood of confusion).

(f)     Defendant's expert report due on:  <u>April, 30, 2008</u> **[DEFENDANT TO INSERT ANY ADDITIONAL INFORMATION]**

(g)     Motions to amend or to add parties to be filed by <u>April 30, 2008</u> (At this time Plaintiff does not anticipate any such motion).

(h)     Dispositive motions to be served within <u>30</u> days of completion of discovery.

(i)     Factual discovery to be completed by <u>April 30, 2008</u>.

(j)     Expert discovery to be completed by:  <u>June 30, 2008</u>.

(k)     Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:  <u>None anticipated</u>.

(l)     A pretrial conference may take place on:  <u>to be set by the Court</u>.

(m)     Trial date:  <u>              </u>, 2007 (trial date to be set by the Court).

**10.**     Do you anticipate any discovery problem(s)?  Yes ___ No _X_

**11.** Do you anticipate any special discovery needs (*i.e.*, videotape/telephone depositions. Problems with out-of-state witnesses or documents, etc.)? Yes ___ No _X_

**12.** State whether this case is appropriate for voluntary arbitration, mediation, appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

Plaintiff would consider the use of mediation to attempt to resolve this dispute.

**[DEFENDANT TO INSERT OR CONSENT]**

**13.** Is this case appropriate for bifurcation? Yes ___ No _X_

**14.** An interim status settlement conference (with clients in attendance) should be held in: to be set by the Court.

**15.** We do not consent to the trial being conducted by a Magistrate Judge.

Submitted by:

| | |
|---|---|
| **DAY PITNEY LLP** | **MALLOY & MALLOY, P.A.** |
| Attorneys for Plaintiff, | Attorneys for Defendant, |
| FMC International, Ltd. | TKMI, Inc. |
| | |
| By:_____ | By:_____ |
|     MARC A. LIEBERSTEIN |     DAVID A. GAST |
| | |
| Dated: November 9, 2007 | Dated: November 9, 2007 |