UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FMC INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TKMI, INC., <br><br> Defendant. | Civil Action No. 07 cv 6994 (WHP) <br><br> **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** <br><br> *Electronically Filed* |

**DEFENDANT TKMI, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant TKMI, Inc. ("Defendant" or "TKMI"), through counsel, and for its answer and affirmative defenses to the Complaint filed by Plaintiff FMC International, Ltd. ("Plaintiff"), states as follows:[1]

1. As to the first unnumbered paragraph of the Complaint, to the extent that any Answer thereto is required, Defendant admits only that this action has been characterized by Plaintiff as a declaratory judgment action, pursuant to 28 U.S.C. §§ 2201 and 2202. The remainder of the first unnumbered paragraph states legal conclusions to which no response is required. Nonetheless, Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations of the first unnumbered paragraph of the Complaint, and therefore denies same.

2. Defendant is without sufficient independent information or knowledge as to the allegations contained in Paragraph 1 of the Complaint to form a belief as to the truth thereof and, therefore, denies same.

---

[1] Defendant intends to promptly file a motion to dismiss the Complaint for lack of subject matter jurisdiction as set forth in the Fourth Affirmative Defense herein. This Answer is filed without waiving, and, specifically, intending to continue to pursue dismissal as set forth in said motion.

3. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

4. As to Paragraph 3 of the Complaint, Defendant admits only that Plaintiff's claims as stated -- and without reference to the validity thereof -- arise under the Lanham Act, 15 U.S.C. §1051 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§1331, 1332, 2201, and 2202, but Defendant denies the validity of said claims.

5. Defendant denies the allegations contained in Paragraph 4 of the Complaint, and contests the jurisdiction of this Court over this matter.

6. Defendant denies the allegations contained in Paragraph 5 of the Complaint, and contests this venue as appropriate for this matter.

7. Defendant admits the allegations contained in Paragraph 6 of the Complaint to the extent that the same is an accurate recitation of the contents of Exhibits A and B attached thereto, the content of which speaks for itself.

8. Defendant admits the allegations contained in Paragraph 7 of the Complaint to the extent that the same is an accurate recitation of the contents of Exhibits C and D attached thereto, the content of which speaks for itself.

9. Defendant admits the allegations contained in Paragraph 8 of the Complaint, except to the extent that Defendant is without sufficient independent knowledge or information as to whether the application proceeded to publication without any citations by the Trademark Examiner, and therefore denies same.

10. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

11. Defendant admits that Plaintiff filed and Answer to the Notice of Opposition as alleged at Paragraph 10 of the Complaint, the content of which speaks for itself. To the extent

that the allegations set forth in Paragraph 10 of the Complaint are inconsistent with said Answer to the Notice of Opposition, Defendant denies the same.

12. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

13. On information and belief, Defendant admits the existence of certain marks as specifically identified at Paragraph 12 of the Complaint, but denies the remainder of the allegations of Paragraph 12 of the Complaint.

14. Defendant repeats and re-asserts each of its answers set forth for Paragraphs 1 – 12 as if set forth herein.

15. Defendant denies the allegations contained in Paragraph 14 of the Complaint, including subparts (a) and (b).

16. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 16 of the Complaint, except as alleged in Notice of Opposition before the Trademark Trial and Appeal Board ("TTAB").

18. Defendant denies the allegations contained in Paragraph 17 of the Complaint, except as alleged in Notice of Opposition before the TTAB.

19. Defendant denies the allegations contained in Paragraph 18 of the Complaint, except as alleged in Notice of Opposition before the TTAB.

20. Defendant denies the allegations contained in Paragraph 19 of the Complaint, except as alleged in Notice of Opposition before the TTAB.

21. Defendant denies the allegations contained in Paragraph 20 of the Complaint, except as alleged in Notice of Opposition before the TTAB.

22. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

24. Defendant repeats and re-asserts each of their answers set forth for Paragraphs 1 – 22, as if set forth herein.

25. Defendant admits that the content of Tami Krakower's Declaration submitted in connection with the application to register GENIE Serial No. 76/635,056 speaks for itself, and Defendant denies the allegations contained in Paragraph 24 of the Complaint to the extent that the same vary from the contents of said application. Defendant denies the allegations set forth in the last sentence of paragraph 24 of the Complaint.

26. Defendant admits that the content of the application to register GENIE Serial No. 76/635,056 speaks for itself, and Defendant denies the allegations contained in Paragraph 25 of the Complaint to the extent that the same vary from the contents of said application.

27. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

28. Paragraph 27 of the Complaint sets forth a legal conclusion to which no response is required. Nonetheless, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

30. Defendant denies the allegations contained in WHEREFORE clause of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action as to Count I.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action as to Count II.

#1267520 v1
099998-00014

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue this matter in this Court.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the action.

### FIFTH AFFIRMATIVE DEFENSE

There is no case or controversy as required by the Declaratory Judgment Act.

### SIXTH AFFIRMATIVE DEFENSE

The TTAB maintains primary jurisdiction over this matter.

**WHEREFORE,** TKMI demands judgment against Plaintiff as follows:

(1)   Dismissing Plaintiff's Complaint in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)   Awarding TKMI the costs of this action, including reasonable attorneys' fees and disbursements; and

(3)   Awarding such other and further relief as this Court deems just, equitable and proper.

Dated: February 7, 2008

GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
acallaghan@gibbonslaw.com
Telephone: (212) 613-2015
Facsimile: (212) 554-9610

s/ Anthony P. Callaghan
Anthony P. Callaghan (AP-2015)

and, of counsel,

John Cyril Malloy, III
Florida Bar No. 964,220
David A. Gast
Florida Bar No. 176,567
dgast@malloylaw.com

MALLOY & MALLOY, P.A.
2800 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008

*Attorneys for Defendant TKMI, Inc.*

#1267520 v1
099998-00014

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February 2008, the foregoing document was filed with the Clerk of the Court via electronic filing and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the individuals identified on the service list below.

s/ Anthony P. Callaghan

SERVICE LIST

Marc A. Lieberstein (ML 7116)
Rebecca L. Griffith (RG 7884)
DAY PITNEY LLP
7 Times Square
New York, New York 10036-7311
Mlieberstein@daypitney.com
rlgriffith@daypitney.com
Telephone: (212) 297-5800
Facsimile: (212) 916-2940
*Attorneys for Plaintiff*

Notices of Electronic Filing generated by CM/ECF

Anthony P. Callaghan (AP-2015)
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
acallaghan@gibbonslaw.com
Telephone: (212) 613-2015
Facsimile: (212) 554-9610

David A. Gast
Florida Bar No. 176,567
dgast@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008
*Attorneys for Defendant*

Notices of Electronic Filing generated by CM/ECF